UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SHELLY M. JOHNSON**                                   **CIVIL ACTION**

**VERSUS**                                              **NO. 20-74-SDD-RLB**

**U.S. POSTAL SERVICES**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 22, 2020.

 

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHELLY M. JOHNSON                                                CIVIL ACTION

VERSUS                                                                        NO. 20-74-SDD-RLB

U.S. POSTAL SERVICES

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Complaint (R. Doc. 1) filed against the U.S. Postal Services on February 7, 2020. Plaintiff, Shelly M. Johnson, is proceeding pro se and has been granted in forma pauperis (IFP) status. A hearing was held on September 9, 2020 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). (R. Doc. 14).

**I.      Background**

Plaintiff filed her Complaint (R. Doc. 1) on February 7, 2020. Plaintiff alleges generally therein that she was injured while working, and that she sustained injuries resulting from someone "messing with" her house and vehicle. (R. Doc. 1 at 1). She goes on to allege that her power was turned off, that her electricity bill was high because "they are messing with [her] heating system," they are scanning through her home, they are interfering with her television, cameras, hot water heater, and her dog. (R. Doc. 1 at 2). Based on her allegations, Plaintiff seeks relief in the form of (1) a lie detector test to prove she is telling the truth; (2) paperwork from the Department of Labor to prove she is telling the truth; (3) money due from disability; and (4) finding the workers who are committing these acts against her person and her home. (R. Doc. 1 at 2). At the September 9, 2020 hearing, Plaintiff made similar allegations to those set forth above.

## II.    Law and Analysis

### A.    Legal Standard

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i)     is frivolous or malicious;
(ii)    fails to state a claim on which relief may be granted; or
(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible"). Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468. Further, "[a] complaint asserting prescribed claims is properly dismissed as frivolous." *Smith v. Orleans Par. Prison*, 2008 WL 2951279, at *2 (E.D. La. July 25, 2008) (citing *Brown v. Pool*, 79 Fed. App'x 15, 17 (5th Cir. 2003)).

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in

2

the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000).

**B.    Analysis**

Turning to the allegations raised by Plaintiff in her Complaint as well as during the September 9, 2020 hearing, Plaintiff alleges that she was injured while working and that "they are doing illegal things to [her] house [and] vehicle." (R. Doc. 1 at 1). At the September 9, 2020, Plaintiff testified that she was employed with the U.S. Post Office for 25 years, from 1981 through 2006, when she retired. Based on Plaintiff's Complaint as well as her testimony at the

3

September 9, 2020 hearing, her claims fall into essentially two categories. First, Plaintiff alleges that Defendant failed to submit proper compensation following an injury sustained in 1998, during the course of her employment, when she lifted a box that was too heavy. Plaintiff suggests that Defendant properly paid her medical benefits, but not her wages. This claim is approximately 22 years old.

Second, Plaintiff alleges a series of tortious interferences with her person and property starting after her injury in 1998 and continuing through the present. By way of example, Plaintiff testified that trucks with white male drivers followed her home from work, the postal inspector "messed with" her security system, her cameras, destroyed her television, made it rain on her house and yard exclusive of her neighbors, destroyed her refrigerator, forced it to be too cold in her home, stole things from her home, shined bright lights in her home and at her property, made sounds in her home causing her dog to be fearful, caused her attic fan to stop working, removed one remote control and placed another remote control in her house, among other things. She testified that the acts were committed by the U.S. postal inspectors starting in 1998 after her injury, but that she did not know who specifically has been committing these acts.

      **1.**      **Plaintiff's Wage Claims**

At the September 9, 2020 hearing, Plaintiff indicated that she was injured on the job in 1998 when she lifted an item that was too heavy, causing injury to her shoulder. She testified that they paid for her doctor, but they failed to pay her for the time she was injured. She also testified that she stayed home from work almost a year, and was not paid. Presumably, therefore, she returned to work at some point in 1999 before ultimately retiring in 2006.

The Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq.*, covers the wage loss compensation, medical benefits, and workers' compensation for postal workers

4

injured in the course of their duties. *See, e.g., Montana v. Donahoe*, 2011 WL 3862213, at *4 (W.D. Tex. Sept. 1, 2011) (FECA "is the exclusive remedy for compensation and benefits resulting from on-the-job injuries and therefore precludes relief."). As noted in *Montana*, the remedy provided by FECA is exclusive. 2011 WL 3862213 at *4. *See also Banks v. United States*, 190 F.Supp.3d 618, 627 (E.D. Tex. June 2, 2016) (citing *White v. United States*, 641 G.2d 195, 197 (5th Cir. 1982)) ("Thus, '[f]or injuries within its coverage, FECA's remedy is exclusive of any other remedy, including the FTCA.'").

Thus, as to Plaintiff's claims for lost wages or compensation resulting from injuries sustained while lifting a heavy box during her employment, FECA provides the exclusive remedy. Further, "[t]he Secretary of Labor is vested with the power to decide all questions arising under the FECA and his action in denying or granting compensation is final and conclusive and may not be reviewed by a court of law." *Eure v. U.S. Postal Serv.*, 711 F.Supp. 1365, 1373 (S.D. Miss. 1989). The Court also notes that FECA provides a three-year time period after injury or death within which "[a]n original claim for compensation for disability or death must be filed." 5 U.S.C. § 8122. At the same time, it appears as though the Secretary of Labor may waive the applicable statute of limitations under 5 U.S.C. § 8122(d)(3).

Based on the foregoing, the Court finds that Plaintiff's claims for benefits and compensation resulting from injuries sustained while working as a postal worker in 1998 are governed by FECA, and this Court is without subject matter jurisdiction. Plaintiff must seek relief through the Secretary of Labor.

Even were Plaintiff's claims for those injuries to fall outside of FECA, the laws of this Court would dictate a finding of prescription. Under La. R.S. 23:1209, the relevant provision of workers' compensation under Louisiana law "all claims for payments shall be forever barred

5

unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter." Therefore, even if Plaintiff's claims for workers' compensation benefits governed by Louisiana law as opposed to FECA, those claims would be time barred.

As it pertains to Plaintiff's claims for her injuries sustained in 1998 while employed as a postal worker, there is, unfortunately, no relief that can be provided by this Court. To the extent her injuries fall under FECA, the Court is without subject matter jurisdiction. On the other hand, to the extent her work-related injuries would fall outside of FECA, those claims are prescribed.

**2.    Plaintiff's Remaining Claims**

The Court then turns to the second category of Plaintiff's claims, those that arise out of the tortious interference with her person and property, i.e., her claims that are not work-related. As outlined above, Plaintiff alleges that various acts have been committed against her and her property by the U.S. postal inspectors. As will be discussed more fully below, regardless of the theory under which Plaintiff proceeds, this Court is unable to provide any relief.

First, to the extent Plaintiff's claims would constitute negligent acts by federal employees in the course of the employment, those claims would be prescribed. "The Federal Tort Claims Act ('FTCA') covers tort claims, authorizing civil actions on claims against the United States, for money damages, for injuries or loss of property caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable. 28 U.S.C. §§ 1346(b)(1) & 2671, *et seq.*" *Paternostro v. Custer*, 2016 WL 11473560, at *7 (E.D. Tex. Feb. 16, 2016), *report and recommendation adopted*, 2016 WL 1054728 (E.D. Tex. Mar. 17, 2016). In *Robinson v. Bureau of Prisons*, 2019 WL 4458426, at *3 (E.D. Tex. June 26, 2019), *report and recommendation adopted sub nom.*, 2019 WL 4451253 (E.D. Tex. Sept. 17,

6

2019), *appeal dismissed sub nom.*, 2020 WL 2510393 (5th Cir. Feb. 14, 2020), the court stated the following:

> The statute of limitations for a tort claim against the United States provides: A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing… of notice of final denial of the claim by the agency to which it was presented. 28 U.S.C. § 2402(b) (1994). "[T]his statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial." *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001) (quoting *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987)). "It is well-settled that these limitation periods are jurisdictional." *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998)).

Plaintiff indicated in testimony that these various acts began in 1998, after she was injured at work, and that she retired in 2006. To the extent any of these complained of acts occurred during her employment, those claims would be prescribed under the FTCA's two-year statute of limitations. Further, there is no indication that Plaintiff has exhausted her administrative remedies prior to filing suit, which is a necessary prerequisite to seeking redress in the courts.

Second, to the extent Plaintiff's claims would fall outside of the FTCA, i.e, claims for intentional acts or acts by individuals outside of the course of their employment, those claims are also prescribed. Federal courts follow the prescriptive periods provided under state law when assessing the timeliness of state law tort claims. In *Moore v. Allstate Ins. Co.*, 2010 WL 2428035, at *2 (W.D. La. May 11, 2010), *report and recommendation adopted*, 2010 WL 2516939 (W.D. La. June 10, 2010), the court stated, "[a]s the applicable statute of limitations on state law tort claims in Louisiana is one year from the date of the accident or injury, his claim had prescribed long before the time he filed this action in Federal court."

The same would be true here, to the extent any of Plaintiff's claims would fall outside of the FTCA and have occurred more than a year prior to the initiation of litigation. Plaintiff alleges

7

that the offenses committed against her began in 1998, 22 years prior to the filing of suit in this Court on February 7, 2020. Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the elements of that defense. *See Savoy v. St. Landry Parish Council*, 2009 WL 4571851, at *3 (W.D. La. Dec. 1, 2009). However, when the face of the plaintiff's complaint reflects that more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. *Id.* Plaintiff represents that the acts committed against her person and property began in 1998.

Lastly, this is a civil action brought by Plaintiff. Thus, to the extent any of the acts complained of would constitute criminal behavior, this Court is unable to provide relief. The Court would recommend Plaintiff contact her local law enforcement agency to address any criminal acts that may have occurred or continue to occur.

Finally, to the extent that prescription does not pose a bar to recovery of Plaintiff's claims, such as for any torts Plaintiff alleged to have occurred within the year prior to filing this litigation, the Court would be unable to provide relief based on an inability to establish a claim. Plaintiff alleges various acts taken against her and her property, including her house and her car, but when asked to identify an actor, she was unable to do so. The actions she complains of appear to have occurred solely at her residence over the years. Plaintiff was unable to identify any specific actor or actors, whether individuals or entities, that have perpetrated any such wrong. Without more, the Court would be unable to issue a ruling as there is no person or entity against whom to issue a judgment. For example, Plaintiff alleges that "they were scanning my home during the bad weather Wed. night 2/5/2020," but she was unable to identify who she was referring to, such that there is no person or entity to be found liable.

In short, while the Court is sensitive to Plaintiff's concerns, there is no redress available for her in this Court, as set forth more fully above. As noted previously, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Without the ability to identify a defendant-tortfeasor, Plaintiff cannot state a claim for relief that would allow a court to draw a reasonable inference of liability.

The Court cannot escape the fact that the recent acts complained of by the Plaintiff qualify as "factually frivolous" as they are clearly baseless – a category encompassing allegations that are fanciful, fantastic, and delusional. In addition to alleged interference with her television reception and attic fan, she also claims that her remote controls are being moved or replaced, that "signals" are shooting at her car, that the "sun satellite" has been controlled and moving East to West to North before it stopped shining, and that it was made to rain exclusively on her house while every other house remained dry. Plaintiff's assertion that these actions were done by unidentified postal inspectors is frivolous.

Finally, the Court also finds that amendment would be futile, as the Court provided Plaintiff with the opportunity to set forth any additional facts that could give rise to a valid claim. Plaintiff was unable to do so.

### III.  Recommendation

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Complaint (R. Doc. 1) be **DISMISSED with prejudice** as to her claim for lost wages.

9

**IT IS FURTHER RECOMMENDED** that Plaintiff's Complaint (R. Doc. 1) be **DISMISSED without prejudice** as to her tort claims, to the extent said claims have not prescribed as discussed herein, for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on September 22, 2020.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**